UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DAVID PARTON, | ) | |
| | ) | |
| | ) | Civil No. 6:22-cv-00018-GFVT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| JOHNNY PARTON, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Defendants' objection to an Order filed by Magistrate Judge Hanly A. Ingram. [R. 37.] The undersigned preliminarily enjoined the Defendants from "selling or otherwise disposing of assets in an amount necessary to protect the Plaintiff's $957,517.67 Judgment." [R. 29 at 20.] The preliminary injunction order directed the parties to "confer and file an agreed list of assets sufficient to satisfy the Plaintiff's Judgment." *Id.* at 21. The parties were unable to agree to a list of assets and the undersigned referred the matter to Judge Ingram "for the purpose of resolving the parties' dispute pursuant to 28 U.S.C. § 636(b)." [R. 32.] Judge Ingram adopted the Plaintiff's proposed asset list. [R. 37.] The Defendants object, asking the Court to adopt their asset list rather than David's. [R. 38.] Because Judge Ingram's Order is not clearly erroneous or contrary to law, the objection **[R. 38]** is **OVERRULED**.

**I**

The Preliminary Injunction Order provides a detailed account of the facts underlying this case. [R. 29 at 1-3.] To summarize, these parties engaged in prior litigation before this Court to

determine the value of Henley Mining, Inc. as of January 31, 2017. [R. 1-8.] The Court conducted a bench trial and determined the value of Henley's assets and liabilities based on testimony presented by both parties. *Id.* It ultimately found that David was entitled to $957.517.67, one-third of the company's value minus the amount he had already been paid, reflecting his share of the company. *Id.* at 15.

After the Court entered Judgment, the Defendants informed David that Henley had transferred most of its assets to Johnny and Timothy. [R. 1 at 4.] These transfers satisfied liabilities which Henley owed to Johnny and Timothy. *Id.* David filed this action in response, claiming that the transfers were fraudulent. *Id.* at 6. He also claims that, because of the distributions, statements by the Defendants about Henley's value now constitute fraud and negligent misrepresentation. *Id.* at 7-8.

David also sought a temporary restraining order enjoining the Defendants from transferring assets to protect his Judgment against them. [R. 5.] The Court construed the Motion as seeking a preliminary injunction. [R. 8.] After further briefing and a preliminary injunction hearing, the Court granted David a preliminary injunction. [R. 29.] It enjoined the Defendants from transferring assets "in an amount necessary to protect the Plaintiff's $957.517.67 Judgment." *Id.* at 21.

Rather than determining itself which assets would be sufficient, the Court directed the parties to confer and agree on a list of assets sufficient to protect the Judgment. *Id.* at 20. If they could not agree, the Court stated that it would refer the dispute to a magistrate. *Id.* A month later, the parties indicated that they could not reach an agreement and asked for a referral. [R. 31.] The undersigned referred the matter to Judge Ingram to resolve the dispute. [R. 32.]

The parties each submitted a proposed asset list. [R. 35; R. 36.] Judge Ingram found that it was equitable to defer to David's list for the reasons stated in his motion and because he prevailed on the preliminary injunction. [R. 37.] Accordingly, he adopted David's list and ordered the Defendants to retain the assets David identified. *Id.* The Defendants object. [R. 38.]

## II

### A

As an initial matter, the Court must clarify the applicable standard of review. The Court referred this issue to Judge Ingram under 28 U.S.C. § 636(b). Section 636(b) governs referral of dispositive and non-dispositive matters, which are subject to different standards of review. The Defendants argue that determining which assets are sufficient to satisfy the Court's preliminary injunction is a dispositive matter because it defines the scope of the injunction. [R. 38 at 6-8.] Accordingly, they ask the Court to treat Judge Ingram's Order as a Report and Recommendation and conduct *de novo* review. *Id.*

The parties' dispute over which assets are sufficient to satisfy the preliminary injunction is a non-dispositive matter subject to clear error review. First, the Defendants' framing of the issue as identifying the scope of the preliminary injunction is incorrect. The Court clearly defined the scope of the injunction. In explicitly "specify[ing] the scope of the injunction," the Court limited it "to only apply to assets necessary to secure the $957,517.67 judgment." [R. 29 at 20.] The *scope* of the injunction is clear: assets necessary to protect David's Judgment. *Id.* The parties' dispute over which assets are sufficient to satisfy the injunction is distinct from its scope. Their disagreement is over how the Defendants should comply with the injunction.

Compliance with an injunction is a non-dispositive issue. *See J.P. Morgan Chase Bank, N.A. v. PT Indah Kiat Pulp & Paper Corp. Tbk*, 854 F. Supp. 2d 528, 532 (N.D. Ill. 2012)

3

(resolving objections to a magistrate's order requiring party to identify assets for the purpose of enforcing a judgment under Rule 72(a)); *Peter B. v. Buscemi*, 2014 WL 6983356, at *4 n.6 (D.S.C. Dec. 10, 2014) (defining motion to compel compliance with an injunction as non-dispositive). Any motion which is not listed in § 636(b)(1)(A) or which is not comparable to a listed motion is non-dispositive. *Vogel v. US Office Prods. Co.*, 258 F.3d 509, 516 (6th Cir. 2001). Defining which assets are subject to the preliminary injunction is not listed is § 636(b)(1)(A), nor is it comparable to any of the enumerated motions because it does not dispose of a party's claim or defense. *See id.*; Fed. R. Civ. P. 72(a). Therefore, the issue is non-dispositive and subject to clear error review.

"When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Pursuant to Federal Rule of Civil Procedure 72(a), the Court will set aside or modify a magistrate judge's non-dispositive order only if the Court finds that at least a portion of the order is "clearly erroneous or contrary to law." An order is contrary to law if it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, 2013 WL 5673617 at *1 (W.D. Ky. Oct. 17, 2013)). "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Bisig*, 940 F.3d at 219.

4

**B**

The Defendants filed a timely objection. [R. 38.] They argue that (1) David is not owed deference in determining the scope of the injunction, (2) David's list makes the injunction overbroad, and (3) the Defendants adequately and persuasively responded to David's justifications for his proposed asset list. The parties agree that $535,000 remains due on the Judgment, so the Defendants must retain $535,000 worth of assets to comply with the injunction. [R. 35 at 3 n.1; R. 36 at 6.]

First, Judge Ingram did not defer to the David's asset list solely because he is the prevailing party. [R. 37 at 2.] He also adopted the "reasons stated in [David's] memorandum" to support using David's asset list. *Id.* To the extent that Judge Ingram found it equitable to defer to David because he prevailed on the preliminary injunction, the Defendants do not establish that this deference is contrary to law. They cite *Leary v. Daeschner* to argue that plaintiffs are not entitled to deference on the scope of the injunction. [R. 38 at 9.] As explained above, the parties' dispute is over compliance with, not the scope of, the preliminary injunction. *Leary* also does not support their position. The *Leary* plaintiffs obtained a preliminary injunction preventing their transfers to different positions until the district afforded them due process. 228 F.3d 729, 741 (6th Cir. 2000). The court dissolved the injunction after the plaintiffs received due process. *Id.* On appeal, the Sixth Circuit reviewed *de novo* whether the plaintiffs did receive due process, warranting the injunction's dissolution. *Id.* Whether a condition placed on the injunction, receipt of due process, is satisfied is a different question than what assets are sufficient to satisfy an asset-freeze injunction. The Defendants' invocation of *Leary* does not show that deference to the prevailing party is contrary to law.

Second, adopting David's proposed asset list does not constitute clear error by making the injunction overbroad. An injunction is overbroad if it risks restraining legal conduct. *Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 364 (6th Cir. 2022). The Defendants argue that the Court should adopt their proposed list because, as long as they retain $535,000 worth of assets, any control over what those assets are "impinges on legal conduct." [R. 38 at 10-11.] David's proposed asset list does not exceed $535,000, so it does not impinge on the Defendants' lawful transfer of assets not necessary to secure the Judgment. [R. 35-1.] In fact, it is worth $479,117, which is less than the remaining Judgment and significantly less than the Defendants' proposed asset list ($853,601, not taking depreciation into account). [*Id.*; R. 36-3.] The Defendants cite no authority for their assertion that allowing another party or the Court to determine the assets they must retain impinges on legal conduct. As a result, they cannot establish that it is clear error or contrary to law to adopt David's list.

Finally, the Defendants take issue with Judge Ingram's rejection of their responses to David's arguments in favor of his proposed list. [R. 38 at 11.] Judge Ingram stated that the Defendants response "includes only vague assertions that do not aid the Court in assessing the merits of Plaintiff's proposal." [R. 37 at 2.]

David supported his proposal by establishing that his listed assets are distinct and identifiable by serial numbers. [R. 35 at 4-5.] The Defendants argue that the Grizzle appraisal is reliable and should establish the assets subject to the injunction. [R. 38 at 11-12.] It is unclear how the Grizzle appraisal conflicts with David's desire to enjoin assets identifiable by serial numbers.[1] Restricting the transfer of assets which are identifiable by serial numbers is logical and not clearly erroneous or contrary to law.

---

[1] David's proposal, like the Defendants, used the Grizzle valuation as the baseline for the equipment's value. [R. 35-1.] He then decreased those valuations by 30% and applied an additional 8% depreciation rate in accordance

6

The Defendants also argue that the asset values should not be depreciated because David Parton testified at the preliminary injunction hearing that the equipment has become more valuable since the Court's prior valuation. *Id.* at 12-13. But the Defendants indicate that "the parties agreed that the Court's valuation of the assets in the Prior suit should form the basis of valuing any assets subject to the injunction." *Id.* at 12. The Court's valuation took an 8% yearly depreciation rate into account, so it appears that the parties' agreement includes depreciation. [*See* R. 1-8 at 9.] Further, the Defendants' proposal exceeds the outstanding Judgment even if depreciation is considered. [R. 36-3.]

Finally, the Defendants argue that David's proposal should not exceed the outstanding Judgment to account for liquidation costs because he does not establish the precise costs or how they are calculated. [R. 38 at 13.] David's proposal does not include a buffer for liquidation costs because it is around $60,000 below the outstanding Judgment amount. [R. 35-1.] David's motion asked for additional liquidation costs but deferred to the Magistrate's determination on what amount would be appropriate. [R. 35 at 4.] Judge Ingram did not add equipment to cover these costs. [R. 37.] Therefore, Judge Ingram's adoption of his proposal does not improperly include unsupported liquidation costs and is not clearly erroneous or contrary to law.

### III

The Defendants do not show that Judge Ingram's order is clearly erroneous or contrary to law. Accordingly, their objection **[R. 38]** is hereby **OVERRULED**.

---

with the Court's findings in the prior case. *Id.* It is unclear how David is suggesting that the Grizzle appraisal is "now too unreliable and should not be used for the purposes of the injunction." [R. 38 at 12.]

7

This the 17th day of February, 2023.

Gregory F. Van Tatenhove
United States District Judge